

FILED

2009 APR -2 PM 1:56

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1 Sharon A. Huerta, Esq. CA State Bar No. 186998
Kira A. Schlesinger, Esq. CA State Bar No. 205357
2 KOELLER NEBEKER CARLSON & HALUCK, LLP
225 Broadway, Suite 2100
3 San Diego, California 92101
Telephone: (619) 233-1600
4 Facsimile: (619) 236-0527

5 Treva J. Hearne, Esq., CA State Bar No. 159542
HAGER & HEARNE
6 245 E. Liberty - Suite 110
Reno, Nevada 89501
7 Tel: (775) 329-5811
Fax: (775) 329-5819

8

9 *Co-Counsel for Plaintiff*

10 **IN THE UNITED STATES DISTRICT COURT**

11 **IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12

13 ALFONSO VARGAS, a married man,
individually and on behalf of a class of
14 similarly situated individuals,

15            Plaintiff,

16 vs.

17 COUNTRYWIDE HOME LOANS, INC., a
New York corporation, dba AMERICA'S
18 WHOLESALE LENDER; MERSCORP, INC.,
a Virginia corporation; MORTGAGE
19 ELECTRONIC REGISTRATION SYSTEMS,
INC., a subsidiary of MERSCORP, Inc., a
20 Delaware corporation; FEDERAL HOME
LOAN MORTGAGE CORPORATION, a
21 Virginia corporation; FEDERAL NATIONAL
MORTGAGE ASSOCIATION, a District of
22 Columbia corporation; GMAC MORTGAGE,
L.L.C., a Delaware corporation; NATIONAL
23 CITY MORTGAGE, a foreign company and a
division of NATIONAL CITY BANK, a
24 subsidiary of National City Corporation;
NATIONAL CITY CORPORATION, a
25 Delaware corporation and a subsidiary of PNC
Financial Services, Inc.; PNC FINANCIAL
26 SERVICES, INC., a Pennsylvania corporation;
J.P. MORGAN CHASE BANK, N.A., a New
27 York corporation; CITIMORTGAGE, INC., a
New York corporation; HSBC MORTGAGE
28 CORPORATION, U.S.A., a Delaware

Case No.: **CV09-2309** SJO (CWx)

CASED

**CLASS ACTION COMPLAINT FOR:**

1. **Violation of Truth in Lending
   Act, 15 U.S.C. § 1601, et seq.**

2. **Violation of Home Ownership and
   Equity Protection Act, 15 U.S.C.
   §§ 1602(aa), 1610, and 1639**

3. **Violation of Fair Housing Act, 42
   U.S.C. § 3601, et seq.**

4. **Violation of California Civil Code
   § 1632 (Translation Act);**

5. **Violation of California Business
   and Professions Code § 17200**

6. **Conspiracy to Commit Fraud and
   Conversion**

7. **Conspiracy to Commit Fraud
   Related to MERS System**

8. **Unjust Enrichment**

9. **Intentional Infliction of Emotional
   Distress**

1

117879_1.DOC

corporation; AIG UNITED GUARANTY CORPORATION, a foreign corporation; WELLS FARGO BANK, N.A., a California corporation, dba WELLS FARGO HOME EQUITY and dba WELLS FARGO HOME MORTGAGE, a division of WELLS FARGO BANK, N.A., a California corporation; BANK OF AMERICA, N.A., a Delaware corporation, and GE MONEY BANK, an Ohio corporation; JOHN AND JANE DOES I-X;  BLACK AND WHITE PARTNERSHIP I-X; AND ABC CORPORATION I-X;

Defendants.

**10. Fraud in the Inducement**

**11. Injunctive Relief**

**12. Declaratory Relief**

**13. Class Action Claim for Violation of California Business and Professions Code § 17200**

**JURY TRIAL DEMANDED**

Plaintiff, individually, and on behalf of a class of similarly situated individuals, through undersigned counsel, for Plaintiff's complaint against Defendants, alleges as follows:

## JURISDICTION

1.      Jurisdiction is founded upon 28 U.S.C. § 1331, as this matter presents issues of federal law, and this court has jurisdiction over the subject matter of this action pursuant to the laws of the United States, including but not limited to, 15 U.S.C. § 1601, et seq.; 42 U.S.C. § 3601, et seq.; and 15 U.S.C.§ 1640.

2.      This court also has jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship, as Plaintiff is a resident of the state of California; Defendant Countrywide Home Loans, Inc. is a New York corporation doing business as America's Wholesale Lender; Defendant MERSCORP, Inc. is a Virginia corporation, and its subsidiary, Defendant Mortgage Electronic Registration Systems, Inc. is a Delaware corporation; and Defendants Federal Home Loan Mortgage Corporation, Federal National Mortgage Association; GMAC Mortgage, L.L.C.; National City Mortgage; National City Corporation; PNC Financial Services, Inc.; J.P. Morgan Chase Bank, N.A.; CitiMortgage, Inc.; HSBC Mortgage Corporation, U.S.A.; Bank of America, N.A.; AIG United Guaranty Corporation; Wells Fargo Bank, N.A. dba Wells Fargo Home Equity; Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A.; and GE Money Bank are foreign corporations, and because this matter is a class action with claims having a value in excess of $5,000,000.00.

///

117879_1.DOC

**CLASS ACTION COMPLAINT**

1        3.      This court has pendent jurisdiction over Plaintiff's state law claims pursuant to 28

2  U.S.C. § 1367.

3        4.      Venue over this matter is appropriate in this court pursuant to 28 U.S.C. § 1391(b).

4  The acts complained of occurred, in substantial part, in the state of California, the property

5  subject to this action is situated in California, the owners of the property reside in California, and,

6  at all relevant times material hereto, the Defendants are or were doing business in California.

7  **Parties and Standing**

8        5.      Plaintiff, Alfonso Vargas, is a resident of Los Angeles County, California.

9        6.      At all times relevant and material hereto, Plaintiff maintained Plaintiff's primary

10  residence in Los Angeles County, California with the legal description of:

11            LOT 29, OF TRACT NO. 17801, IN THE CITY OF POMONA,
COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS

12            PER MAP RECORDED IN BOOK 437, PAGE(S) 37 TO 41
INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY

13            RECORDER OF SAID COUNTY. EXCEPT THEREFROM ALL
OIL, GAS, MINERALS, AND OTHER HYDROCARBONS, BUT

14            WITHOUT THE RIGHT OF SURFACE ENTRY THEREON, AS
RESERVED IN INSTRUMENTS OF RECORD. APN NO:  8354-

15            030-017.

16

17  Plaintiff's primary residence as described above is commonly referred to and located at 2222

18  Laurel Avenue, Pomona, California (hereinafter referred to as "Residence").

19        7.      Upon information and belief, Defendant Countrywide Home Loans, Inc. dba

20  America's Wholesale Lender ("Countrywide") was a New York corporation authorized to do

21  business in and doing business in Los Angeles County, California, and at all times material hereto

22  was a member of the MERS system described herein and a shareholder in MERS.

23        8.      Upon information and belief, Defendant MERSCORP, INC. was a Virginia

24  corporation and doing business in Los Angeles County, California through its subsidiary,

25  Defendant MERS, Inc., a Delaware corporation.  Upon information and belief, MERSCORP,

26  INC. was a director of MERS, Inc.  Defendants MERSCORP, INC. and MERS, Inc. are

27  hereinafter collectively referred to as "MERS."

28  ///

117879_1.DOC

**CLASS ACTION COMPLAINT**

9. Upon information and belief, Defendant Federal Home Loan Mortgage Corporation (hereinafter referred to as "Freddie Mac") is a Virginia corporation doing business in California, and a shareholder in MERS. Upon information and belief, Freddie Mac was also, through its agents and employees, a director of MERS.

10. Upon information and belief, Defendant Federal National Mortgage Association (hereinafter referred to as "Fannie Mae") is a District of Columbia corporation doing business in California and, at all times material hereto, was, a shareholder of MERS and a member of the MERS system described herein. Upon information and belief, Defendant Fannie Mae was also, through its agents and employees a director of MERS.

11. Upon information and belief, Defendant GMAC Mortgage, L.L.C. was a Delaware corporation doing business in California and, at all times material hereto, was a member of the MERS system described herein. Upon information and belief, Defendant GMAC Mortgage, L.L.C., through its affiliate or subsidiary, GMAC Residential Funding Corp., was a shareholder in MERS, and through its employees or agents employed by its affiliate or subsidiary, GMAC Residential Holding Corp., was a director of MERS.

12. Upon information and belief, PNC Financial Services Group, Inc. (hereinafter "PNC") is a Pennsylvania corporation and the parent company of National City Corporation, Inc. pursuant to a merger consummated in or around December 31, 2008.

13. Upon information and belief, National City Corporation, (hereinafter "National City Corp.") is a Delaware corporation wholly owned by PNC pursuant to a merger consummated in or around December 31, 2008.

14. Upon information and belief, National City Bank (hereinafter "National City Bank"), is an Ohio corporation wholly owned by PNC pursuant to a merger consummated in or around December 31, 2008.

15. Upon information and belief, Defendant National City Mortgage, a division of National City Bank, was a foreign company doing business in California, and, at all times material hereto was a member of the MERS system described herein. Upon information and

///

**CLASS ACTION COMPLAINT**

1  belief, Defendant National City Mortgage, through its agents and employees, was a director of

2  MERS.

3        16.    Upon information and belief, Defendant J.P. Morgan Chase Bank, N.A. was a New

4  York corporation doing business in California and, at all times material hereto, was a member in

5  the MERS system described herein. Upon information and belief, J.P. Morgan Chase Bank, N.A.,

6  through its affiliate or subsidiary, Chase Home Mortgage Corporation of the Southeast, was a

7  shareholder in MERS, and through its employees or agents employed by its affiliate, J.P. Morgan

8  Chase Co., was a director of MERS.

9        17.    Upon information and belief, Defendant CitiMortgage, Inc. was a New York

10  corporation doing business in California and, at all times material hereto, was a member in the

11  MERS system described herein and a shareholder of MERS.

12        18.    Upon information and belief, Defendant HSBC Mortgage Corporation, U.S.A. was

13  a Delaware corporation doing business in California and, at all times material hereto, was a

14  member of the MERS system described herein. Upon information and belief, HSBC Mortgage

15  Corporation, through its affiliate or subsidiary HSBC Finance Corp., was a shareholder of MERS.

16        19.    Upon information and belief, Defendant Wells Fargo Bank, N.A. was a California

17  corporation doing business in California as Wells Fargo Home Equity and as Wells Fargo Home

18  Mortgage, a Division of Wells Fargo Bank, N.A., and, at all times material hereto, was a member

19  of the MERS system described herein and a shareholder of MERS.

20        20.    Upon information and belief, Defendant Bank of America, N.A. was a foreign

21  corporation doing business in California, and was a successor in interest to Countrywide Home

22  Loans, Inc. and/or acquired Countrywide Home Loans, Inc. and its affiliates and subsidiaries,

23  including America's Wholesale Lender, for the purpose of funding and/or managing the ongoing

24  business activities of Countrywide Home Loans, Inc. Upon information and belief, Defendant

25  Bank of America, N.A., at all times material hereto, was a member of the MERS system

26  described herein.

27  ///

28  ///

117879_1.DOC

**CLASS ACTION COMPLAINT**

21.    Upon information and belief, Defendant AIG United Guaranty Corporation was a foreign corporation doing business in California and, at all times material hereto, was a shareholder of MERS and/or a member of the MERS system described herein.

22.    Upon information and belief, Defendant GE Money Bank was an Ohio corporation doing business in California and was a member of the MERS system described herein.

23.    Defendants John and Jane Does I-X are fictitious names for affiliates, agents, or successors or assigns of the named Defendants whose true names are not known to Plaintiff at this time.  Plaintiff will seek leave of court to amend this complaint to assert the true names of these Defendants at such times as their true names are discovered to assert this complaint against such parties with the same effect as if such names had been set forth herein.

24.    Defendants Black and White Partnership I-X are fictitious names for affiliates, partners, or successors or assigns of Defendants whose true names are not known to Plaintiff at this time.  Plaintiff will seek leave of court to amend this complaint at such times as their true names are discovered to assert this complaint against such parties with the same effect as if such names had been set forth herein.

25.    Defendants ABC Corporation I-X are fictitious names for affiliates, partners, or successors or assigns of Defendants whose true names are not known to Plaintiff at this time. Plaintiff will seek leave of court to amend this complaint to assert the true names of these Defendants at such times as their true names are discovered to assert this complaint against such parties with the same effect as if such names had been set forth herein.

## GENERAL ALLEGATIONS

26.    On or about January 12, 2006, Plaintiff refinanced the Residence referred to herein in Los Angeles County, California, by executing a Note and Deed of Trust in favor of America's Wholesale Lender as Lender, with MERS, Inc. listed as the Beneficiary on the Deed of Trust in the principal amount of $308,000.00.  The Note and Deed of Trust are hereinafter referred to as the "First Mortgage."    The purpose of Plaintiff refinancing his Residence was to lower his interest rate and to lower his payment on his existing first and second mortgages.  A copy of the Note and Deed of Trust comprising the First Mortgage are attached to this Complaint as Exhibit 1.

6

**CLASS ACTION COMPLAINT**

27.     On or about January 19, 2006, as part of his refinancing the Residence, Plaintiff executed a Home Equity Credit Line Agreement and Disclosure Statement (hereinafter referred to as the "HELOC Agreement") secured by a Deed of Trust in favor of America's Wholesale Lender as Lender, with MERS, Inc. listed as the Beneficiary, in the principal amount of $38,500.00.  The HELOC Agreement and the Deed of Trust securing it are hereinafter referred to as the "Second Mortgage."   A copy of the HELOC Agreement and the Deed of Trust securing it are attached as Exhibit 2.

28.     America's Wholesale Lender is a subsidiary or affiliate company of Countrywide Home Loans, Inc.

29.     Prior to executing the First and Second Note and Deed of Trust, Plaintiff applied for a loan through representatives of Cabrillo Mortgage and Realty Services.  Cabrillo Mortgage and Realty Services, upon information and belief, was acting as an agent of Defendant Countrywide Home Loans, Inc. and/or America's Wholesale Lender.

30.     Plaintiff did not sign the application at the time it was filled out by the Cabrillo Mortgage and Realty Services representative, and he was not provided a copy to review prior to the application being submitted to Countrywide Home Loans, Inc. or America's Wholesale Lender.

31.     Defendant Countrywide Home Loans, Inc. dba America's Wholesale Lender, through its agent Cabrillo Mortgage and Realty Services,  before the Plaintiff executed the documents related to the First and Second Mortgages, represented to Plaintiff that the interest rate on the loan secured by the First Deed of Trust would equal 1.5 percent, subject to adjustment, with monthly payments initially being equal to $1,062.97.

32.     The monthly payments referred to in the preceding paragraph were 26 percent of Plaintiff's adjusted gross monthly income as reported on his 2005 Federal income tax return.

33.     Plaintiff supplied his 2005 Federal income tax return to Cabrillo Mortgage and Realty Services.

34.     The First Note included an "Adjustable Rate Rider" whereby the initial rate of interest was set at 1.5% from the Closing Date until March 1, 2006 (the "First Change Date").

**CLASS ACTION COMPLAINT**

1  Thereafter the rate of interest would be subject to change on the First Change Date and then on

2  the first of every month thereafter.

3  35.   Upon each successive Change Date, the adjustment in the rate of interest was to be

4  calculated by adding 3.75% to the twelve-month average of the annual yields on actively traded

5  U.S. Treasury Securities adjusted to a contract maturity of one year.  Over the term of the loan,

6  the rate of interest was limited to a maximum ceiling of 9.95% and a minimum floor of 3.575%.

7  36.   The First Mortgage contained a prepayment penalty addendum which provided

8  that if Plaintiff made a prepayment exceeding twenty percent (20%) of the original principal

9  amount of the note within the first thirty-six (36) months after executing the note, a prepayment

10  penalty would be due in an amount equal to six (6) months' advance interest at the rate in effect at

11  the time of the prepayment.

12  37.   Initially, Plaintiff Vargas's monthly payment was set at $1,062.97 per month for

13  twelve (12) months.  Subsequently, according to the schedule contained in the Final Truth In

14  Lending Disclosure Statement, the payment was expected to rise to $1,142.69 for twelve (12)

15  months thereafter, to rise to $1,320.52 for twelve (12) months thereafter, to rise to $1,419.56 for

16  twelve (12) months thereafter, to rise to $1,526.03 for three (3) months, and then the payment was

17  to remain at $2,566.04 from June 1, 2011 to February 1, 2036.  This payment schedule resulted in

18  negative amortization of the loan for the first sixty-three (63) months of the loan.

19  38.   The Annual Percentage Rate (hereinafter "APR") was estimated at 7.410% with

20  the total amount of finance charges estimated at $539,890.31 over the life of the First Mortgage.

21  39.   The HELOC Agreement was an adjustable rate line of credit, with a principal

22  amount of $38,500.00, and bearing interest at a 10.75% annual percentage rate.  Interest was

23  calculated monthly on the outstanding principal balance by adding 3.5% to the highest Prime Rate

24  as published in the "Money Rates" table of The Wall Street Journal on the first business day of

25  each calendar month.  Over the term of the loan, the rate of interest was limited to a maximum

26  ceiling of eighteen (18) percent.

27  40.   Upon information and belief, no Final HUD-1 form was ever completed and

28  provided to Plaintiff Vargas as required by federal law.  Furthermore, Plaintiff Vargas primarily

**CLASS ACTION COMPLAINT**

1    speaks Spanish and, upon information and belief, none of the closing documents were translated
2    into Spanish as required by, inter alia, California Civil Code § 1632.

3       41.    Plaintiff's 2005 income tax return reflects total adjusted gross annual income of
4    $48,442.00.

5       42. Due to the onerous and oppressive terms contained in the First and Second Note and
6    Deed of Trust described above, Plaintiff Vargas was unable to continue making payments.

7                                  **FIRST CLAIM FOR RELIEF**

8       **(Violation of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.***
         **and Regulation Z, 12 CFR § 226, *et seq.*)**
9       **(As to Defendant Countrywide Home Loans, Inc. dba America's Wholesale Lender)**

10      43.    Plaintiff incorporates by this reference and realleges the allegations contained in
11   paragraphs 1 through 42 above as if set forth fully herein.

12      44.    As defined in 15 U.S.C.A. § 1602, the transaction between Plaintiff and Defendant
13   Countrywide Home Loans, Inc. dba America's Wholesale Lender was a "credit sale," Plaintiff
14   was a "consumer," and Defendant Countrywide Home Loans, Inc. dba America's Wholesale
15   Lender was a "creditor."

16      45.    Pursuant to 15 U.S.C.A. § 1638(b)(1), Defendant Countrywide Home Loans, Inc.
17   dba America's Wholesale Lender was required to make certain specified disclosures "before
18   credit [was] extended."

19      46.    Upon information and belief, Defendant Countrywide Home Loans, Inc. dba
20   America's Wholesale Lender violated 15 U.S.C.A. § 1638 as to Plaintiff and others similarly
21   situated by improperly and/or inadequately disclosing one or more of the following items:

22          a.    The annual percentage rate;

23          b.    The finance charge;

24          c.    The amount financed;

25          d.    The total number of payments;

26          e.    The payment schedule;

27          f.    Whether the loan has a demand feature;

28   ///

117879_1.DOC

**CLASS ACTION COMPLAINT**

g.      Whether the loan has a variable rate feature, and if so, to make disclosure about the variable rate feature;

h.      Whether the borrower may be entitled to a refund of a portion of the finance charges; and

i.      Whether the loan is subject to a prepayment penalty, and if so, to make disclosure about the prepayment penalty terms.

47.      Upon information and belief, charges were imposed on Plaintiff and others similarly situated without being properly disclosed pursuant to 15 U.S.C. § 1605 and Regulation Z Section 226.4.

48.      Upon information and belief, Defendant and/or its agent calculated the annual percentage rate based on improperly calculated and disclosed amounts, violating 15 U.S.C. § 1601, *et seq.* and Regulation Z Sections 226.18(c), 18(d), and 22.

49.      As a result of Defendant's violations as set forth herein, Plaintiff is entitled to damages as set forth below.

50.      Upon information and belief, Defendant Countrywide Home Loans, Inc. dba America's Wholesale Lender, through its agent, fraudulently misrepresented and concealed the true facts related to the items subject to disclosure from Plaintiff, and Plaintiff did not discover the Defendant's failure to make the disclosures pursuant to 15 U.S.C. § 1638 until one year within the filing of this complaint.

### SECOND CLAIM FOR RELIEF

**(Violation of Home Ownership and Equity Protection Act, 15 U.S.C. §§ 1602(aa), 1610, and 1639)**
**(As to Defendant Countrywide Home Loans, Inc. dba America's Wholesale Lender)**

51.      Plaintiff incorporates by this reference and realleges the allegations contained in paragraphs 1 through 50 above as if set forth fully herein.

52.      As defined in 15 U.S.C. § 1602(aa), each of the transactions between Plaintiff and Defendant Countrywide Home Loans, Inc. dba America's Wholesale Lender which resulted in the execution of the First and Second Mortgages was a "mortgage," being a consumer credit transaction other than a mortgage for the original purchase or construction of a dwelling, secured

10

**CLASS ACTION COMPLAINT**

1 by Plaintiff's principal dwelling, Plaintiff was a "consumer," and Defendant Countrywide Home

2 Loans, Inc. dba America's Wholesale Lender (Lender) was a "creditor."

3     53.    Pursuant to 15 U.S.C. § 1639, Defendant Countrywide Home Loans, Inc. dba

4 America's Wholesale Lender was required to make certain specified disclosures as listed below

5 "not less than three (3) business days prior to the consummation of the transaction."

6     54.    Defendant Countrywide Home Loans, Inc. dba America's Wholesale Lender, upon

7 information and belief, violated 15 U.S.C. § 1639 by improperly and/or inadequately disclosing

8 one or more of the following items:

9     a.    The specific disclosure, in a "conspicuous type size," that "You are not

10 required to complete this agreement merely because you have received these disclosures or have

11 signed a loan application;"

12     b.    The specific disclosures, in a "conspicuous type size," that "If you obtain

13 this loan, the lender will have a mortgage on your home.  You could lose your home, and any

14 money you have put into it, if you do not meet your obligations under the loan;"

15     c.    The annual percentage rate;

16     d.    The amount of the regular monthly payment if the interest rate was a fixed rate; or

17     e.    The annual percentage rate of the loan, the amount of the regular monthly

18 payment, a statement that the interest rate and monthly payment pay increase, and the amount of

19 the maximum monthly payment if the transaction was other than a fixed interest rate transaction;

20 and

21     f.    The amount financed.

22     55.    The Defendant violated 15 U.S.C. § 1639 by making a loan to Plaintiff, and, upon

23 information and belief, to others similarly situated, that included one or more of the following

24 terms:

25     a.    A prepayment penalty that was not within the exception contained in 15

26     U.S.C. § 1639 (c)(2)(A)-(D);

27     b.    A "balloon payment" as defined in 15 U.S.C. 1639(e), which was due on a

28     loan that had a term of less than 5 years;

11

**CLASS ACTION COMPLAINT**

c.     Negative amortization as defined in 15 U.S.C. § 1639(f).

56.     The Defendant violated 15 U.S.C. § 1639(h) by engaging in a pattern or practice of extending credit to Plaintiff and other similarly situated individuals under a mortgage without regard to their repayment ability, including their current and expected income, current obligations, and employment.

57.     In the named Plaintiff's case, the Plaintiff's adjusted gross income as shown on Plaintiff's 2005 income tax return was $48,442.00 or $4,036.83 per month. The initial monthly payment on the mortgage was $1,062.97 for 12 months; however, the payment which would have not resulted in negative amortization was $2,566.04, which was 64 percent of Plaintiff's monthly income.

58.     As to the named Plaintiff, Defendant made a loan regulated by 15 U.S.C. §§ 1602(aa) and 1639 without making the disclosures as set forth in paragraphs 54a and 54b.

59.     Additionally, the First Mortgage included provisions for prepayment penalties and the payments under the First Mortgage resulted in negative amortization, which are prohibited as set forth in paragraph 55 above.

60.     Upon information and belief, the principal amount of the loans exceeded the appraised value of the Residence.

61.     As a result of Defendant's violations as set forth herein, Plaintiff is entitled to damages as set forth below, including, but not limited to statutory damages pursuant to 15 U.S.C. § 1640.

62.     Upon information and belief, Defendant, through its agent, fraudulently misrepresented and concealed the true facts related to the items subject to disclosure from Plaintiff, and Plaintiff did not discover the Defendant's failure to make the disclosures pursuant to 15 U.S.C. § 1639 until within one year before the filing of this complaint.

///

///

///

///

**CLASS ACTION COMPLAINT**

### THIRD CLAIM FOR RELIEF

**(Violation of Fair Housing Act, 42 U.S.C. § 3601, *et seq.*)**
**(As to Defendant Countrywide Home Loans, Inc. dba America's Wholesale Lender)**

63.    Plaintiff incorporates by this reference and realleges the allegations contained in paragraphs 1 through 62 above as if set forth fully herein.

64.    The making of a loan, such as the loan to Plaintiff referred to herein, is a "real estate related transaction" subject to the Federal Fair Housing Act.

65.    Defendant, Countrywide Home Loans, Inc. dba America's Wholesale Lender, at all material times hereto, was a lender subject to the federal Fair Housing Act, and was prohibited from discriminating against, or providing disparate treatment to, individuals on the basis of race, color, religion, sex, familial status, and national origin.

66.    Plaintiff is a member of the class of individuals subject to protection from discrimination and/or disparate treatment under the Federal Fair Housing Act.

67.    Upon information and belief, Defendant purposefully targeted Plaintiff, and others similarly situated, as a borrower based on Plaintiff's race and/or national origin, knowing that Plaintiff suffered from language barriers inherent to Plaintiff's Hispanic origin, making Plaintiff vulnerable to predatory lending practices, including, but not limited to, violations of the Truth in Lending Act, the Home Ownership and Equity Protection Act and, *inter alia,* California Civil Code § 1632, as alleged herein.

68.    Upon information and belief, Defendant offered Plaintiff, and others like Plaintiff, a less-than-favorable loan than would have been offered to a white borrower, all other things being equal, in violation of the Federal Fair Housing Act based on the disparity between the loan terms which were available to Hispanic borrowers and the loan terms available to white borrowers.

69.    Defendant's violation of the Federal Fair Housing Act as alleged herein has caused Plaintiff to suffer damages, including, but not limited to, financial losses, damage to reputation, embarrassment, humiliation, and emotional distress, and Plaintiff has incurred attorneys' fees and costs in this matter.

**CLASS ACTION COMPLAINT**

1     70.    Defendant's violation of the Federal Fair Housing Act alleged herein was reckless,

2    willful, and wanton, entitling Plaintiff to an award of punitive damages against Defendant.

3     71.    Upon information and belief, Defendant's violation of the Federal Fair Housing

4    Act as alleged herein is and/or has been a continuing violation whereby Defendant has engaged in

5    a pattern or extended practice of exploiting the market of Hispanics in the market area where

6    Plaintiff resides.

**FOURTH CLAIM FOR RELIEF**
**(Violation of California Civil Code § 1632)**
**(As to Defendant Countrywide Home Loans, Inc. dba America's Wholesale Lender)**

9     72.    Plaintiff incorporates by this reference and realleges the allegations contained in

10    paragraphs 1 through 71 above as if set forth fully herein.

11     73.    Defendant Countrywide Home Loans dba America's Wholesale Lender, violated

12    California Civil Code § 1632 ("California Translation Act"), by not providing Plaintiff a written

13    translation of the First or Second Mortgage documents and/or the required disclosures, from

14    English to Spanish, or such other primary language as would have been readily understandable by

15    the class members prior to the execution of the loan documents.

16     74.    Upon information and belief, Defendant Countrywide Home Loans, Inc. dba

17    America's Wholesale Lender, individually and through its agent(s), was aware that English was

18    not Plaintiff's primary language, and that he and each class member had difficulties in reading

19    and understanding English or could not read or understand English at all.

20     75.    The initial discussions and negotiations between Plaintiff Vargas and the

21    representative of Cabrillo Mortgage and Realty Services, acting as agent for Defendant

22    Countrywide Home Loans, Inc. dba America's Wholesale Lender, were conducted primarily in

23    Spanish.  Upon information and belief, each class member conducted his or her negotiations in

24    his or her native language, *e.g.,* Spanish, Chinese, Tagalog, Vietnamese, or Korean.

25     76.    Upon information and belief, Plaintiff (and each class member) did not bring an

26    interpreter to the location designated by Defendant and/or its agent as the location for signing the

27    loan documents to translate the loan documents, including, but not limited to, the First and

28    Second Mortgages that Defendant caused to be sold to Plaintiff.

14

**CLASS ACTION COMPLAINT**

77.     The loan documents provided to Plaintiff by Defendant Countrywide Home Loans, Inc. dba America's Wholesale Lender and/or its agent, Cabrillo Mortgage and Realty Services, were written in English.  Defendants did not provide an interpreter or a translation of these documents.  Upon information and belief, there was no sign posted at the loan offices, or otherwise, informing Plaintiff or class members that a translation would be available upon request, in violation of California Civil Code § 1632(f).

78.     Upon information and belief, Defendant Countrywide Home Loans, Inc. targeted customers with limited English skills, knowing that they would be less able to question the proposed terms of the loans, or adequately understand the risks and misrepresentations made by Defendant and its subsidiaries and/or its agents than a person who had knowledge of the English language.

79.     Defendant Countrywide Home Loans, Inc. dba America's Wholesale Lender, acting by and through its agents, is, within the meaning of California Civil Code § 1632(b), a person engaged in a business who negotiated the First and Second Mortgages primarily in Spanish with the Plaintiff.

80.     The First and Second Mortgages are loans within the meaning of subsection (b)(4) of California Civil Code § 1632, in that the loan proceeds were for use primarily for personal, family, or household purposes.  The transaction is subject to the provisions of Article 7, commencing with § 10240, of Chapter 3 of Part 1 of Division 4 of the California Business and Professions Code, of Division 7, commencing with § 18000, or Division 9, commencing with § 22000, of the California Financial Code.

81.     Plaintiff, and, upon information and belief, each class member, did not negotiate the final terms of the loans (including the First and Second Mortgages) through any interpreter within the meaning of subsection (h) of California Civil Code § 1632.

82.     Upon information and belief, Defendant controlled and/or directed the acts of its agents, assignees and other defendants and/or third parties in having the loan finalized without first complying with California Civil Code § 1632.

///

15

117879_1.DOC

83.     Defendant's violation of California Civil Code § 1632(k), entitles Plaintiff to rescind the contract with Defendant and/or its agents and/or assignees.

84.     Pursuant to California Civil Code § 1691(a), Plaintiff, promptly upon discovering the facts which entitle them to rescind and once plaintiffs were aware of their right to rescind, gave notice, or hereby gives notice, of rescission to Defendant in compliance with California Civil Code §§ 1632 and 1691.

85.     As a direct and proximate result of Defendant's violation of California Civil Code § 1632, Plaintiff has suffered damages.   Defendant Countrywide Home Loans, Inc. dba America's Wholesale Lender is liable to Plaintiff for rescission; termination of any security interest in the Vargas Residence created under the First and/or Second Mortgages; and restitution, including all interest, appraisals, loan origination fees, costs, and other amounts, plus interest paid since the origination of the First and Second Mortgages in an amount to be proven at trial.

**FIFTH CLAIM FOR RELIEF**
**(Violation of California Business and Professions Code § 17200)**
**(As to Defendant Countrywide Home Loans, Inc. dba America's Wholesale Lender)**

86.     Plaintiff incorporates by this reference and realleges the allegations contained in paragraphs 1 through 85 above as if set forth fully herein.

87.     Defendant engaged in a systematic practice of negotiating loans knowing that the proposed borrower could not understand the details of English-only loan documents presented to Plaintiff when English was not the borrower's native language.

88.     The marketing, arranging, origination, processing, documentation, wire-transmittal, and coordination of courier services incidental to providing a loan, by Defendant, on its own account and/or as a part of the overall deceptive practices of its agents and affiliates, constitutes the providing of "Services" within the meaning of the California Business and Professions Code § 17200 (also referred to as the Unfair Competition Law or "UCL").

89.     The unlawful, unfair, or fraudulent providing of "Services" as alleged herein and the failure to translate the loan documentation into Spanish as required by California Civil Code § 1632 are incidental to the actual provision of any loan by Defendants, and separately constitute

16

**CLASS ACTION COMPLAINT**

1   practices prohibited by the UCL.   Conformance with California Civil Code § 1632 does not

2   obstruct, impair, or improperly condition a Defendant's ability make real estate loans under 12

3   U.S.C. § 371 and 12 C. F. R. § 34.3, or otherwise.

4         90.   This failure to translate the documents, along with the general misrepresentations

5   as alleged herein, constitutes a practice that was likely to, and did, deceive members of the public,

6   including Plaintiff.

7         91.   Through Defendant's unlawful, unfair, and/or fraudulent business practices, as

8   alleged above, Defendant targeted people it knew or should have known were vulnerable to its

9   unscrupulous loan practices.

10         92.   Upon information and belief Defendant, and/or its agents and assignees, used

11   deception, false promises, and misrepresentation regarding the terms of the loan and Services

12   offered to Plaintiff, and to others similarly situated, in misrepresenting, concealing, or omitting

13   the terms of the loan, Services and costs, including but not limited to the interest rate, the

14   payments to be made under the loan, the existence of a balloon payment and/or negative

15   amortization, Plaintiff's ability to qualify for the loan, and Plaintiff's ability to refinance the loan,

16   if necessary, in the future.

17         93.   Plaintiff, and similarly situated class members, reasonably relied upon Defendant's

18   representations that the loan and terms were favorable to Plaintiff and that the loan would be

19   affordable for him.   Upon information and belief, each class member likewise believed that

20   Defendant provided or would provide full and honest information and guidance regarding the

21   terms of the loan, including and in addition to the Services alleged above, and that the provision

22   of such information was independent and incidental to the actual furnishing of the loan.

23         94.   Plaintiff did rely on Defendant's representations concerning the terms of the loan

24   and Plaintiff's ability to repay the loan in entering into the loan.

25         95.   In reality, Defendant made the subject loans to Plaintiff without making any

26   determination that the loans were based on any commercially reasonable means or mechanism for

27   determining Plaintiff's ability to repay the loans.   Based on the financial information Plaintiff

28   ///

**CLASS ACTION COMPLAINT**

117879_1.DOC

1  provided to Defendant, including Plaintiff's income, Defendant knew prior to closing the loan

2  that Plaintiff would not be capable of making loan payments as required by the terms of the loan.

3        96.     Defendant omitted and concealed the magnitude of risk of loss of the home from

4  Plaintiff by, *inter alia,* failing to translate the relevant documents into Spanish or such other

5  language that could be readily understood by Plaintiff, or any similarly situated class member.

6        97.     As a proximate result of Defendant's violation of California Business and

7  Professions Code § 17200, Plaintiff (and other similarly situated class members) was injured in

8  fact and suffered damages to reputation, emotional distress, humiliation, loss of financial

9  resources, and money damages, including inflated interest, costs of Services, increased interest

10  rates on other loans or lines of credit, late payment penalties, and other economic damages to be

11  proven at trial. In addition, Plaintiff has incurred attorneys' fees and costs in connection with

12  bringing this claim.

13        98.     As a result of Defendant's violation of the Translation Act and the UCL, Plaintiff

14  is entitled to, *inter alia,* restitution.

15  **SIXTH CLAIM FOR RELIEF**
**(Conspiracy to Commit Fraud and Conversion)**

16  **(As to Defendants Countrywide Home Loans, Inc. dba America's Wholesale Lender and MERS)**

17        99.     Plaintiff incorporates by this reference and realleges the allegations contained in

18  paragraphs 1 through 98 above as if set forth fully herein.

19        100.    Defendants Countrywide Home Loans, Inc. dba America's Wholesale Lender and

20  MERS formed an association to conspire to deprive Plaintiff of his property through fraud and

21  misrepresentation that would result in Plaintiff entering a loan for which Plaintiff would

22  eventually not be qualified.

23        101.    Upon information and belief, Defendants intended that the loan would be

24  packaged with other loans and sold on the secondary market, resulting in a profit to Defendants.

25        102.    Defendants knew prior to their origination of the loan and subsequent transfer of

26  the loan that Plaintiff was not qualified to make the loan; however, Defendants knew or should

27  have known that Plaintiff would rely and did rely on Defendant's representations as alleged

28  herein related to Plaintiff's ability to repay the loan or to refinance the loan in taking the loan and

18

117879_1.DOC

**CLASS ACTION COMPLAINT**

1    signing the documents. As previously alleged herein, such representations violated the California

2    Business and Professions Code as alleged herein.

3        103.    As previously alleged herein, Defendant Countrywide Home Loans, Inc. dba

4    America's Wholesale Lender violated the Truth in Lending Act, the Federal Fair Housing Act,

5    the Home Ownership and Equity Protection Act, the California Translation Act and California

6    Business & Professions Code as alleged herein in procuring Plaintiff's signature on the First and

7    Second Mortgages.

8        104.    Defendants' legal objective of packaging the loans made to Plaintiff with other

9    loans and selling the loans was accomplished by illegal means in procuring the loan because of

10    Defendant Countrywide Home Loans, Inc. dba America's Wholesale Lender's violation of the

11    Truth in Lending Act, the Federal Fair Housing Act, the Home Ownership and Equity Protection

12    Act, and the California Translation Act, and California Business and Professions Code as alleged

13    herein.

14        105.    Upon information and belief, as an alternative to packaging and selling Plaintiff's

15    loans, Defendant Countrywide Home Loans, Inc. knew that the loans would be subject to

16    foreclosure as a result of Plaintiff's inability to make payments on the loans as the payments

17    escalated during the term of the loans and/or as a result of Plaintiff's inability to qualify to

18    refinance the loans at a later date after the payments began to escalate because of changes in the

19    interest rates.

20        106.    Upon information and belief, the escalating payments and/or increases in the

21    interest rate were not properly disclosed to Plaintiff as alleged herein.

22        107.    Defendants intended that Plaintiff would default on the loans and Defendants

23    would be in a position of seizing the Residence in a foreclosure action, unlawfully depriving

24    Plaintiff of the Residence.

25        108.    Defendants, and each of them, in furtherance of the conspiracy and agreement

26    alleged herein, acted in a concerted manner to target Plaintiff as a borrower, to misrepresent the

27    loan terms and/or to misrepresent Plaintiff's qualification for the loans, knowing that such action

28    ///

**CLASS ACTION COMPLAINT**

1  or actions would result in Defendant's ultimate possession of the Residence following

2  foreclosure.

3       109.   As a result of Defendant's conspiracy described herein, Plaintiff has suffered

4  injuries which include mental anguish, emotional distress, embarrassment, humiliation, loss of

5  reputation and a decreased credit rating which has, or will, impair Plaintiff's ability to obtain

6  credit at a more favorable rate than before the decrease in credit rating, the loss or anticipated loss

7  of the Residence and other financial losses according to proof, including incurred attorneys' fees

8  and costs incurred in this matter.

9       110.   Defendants' conspiracy to unlawfully deceive Plaintiff into the loan alleged herein

10  was willful and wanton, justifying an award of punitive damages.

11  

**SEVENTH CLAIM FOR RELIEF**
**(Conspiracy To Commit Fraud Related To MERS System)**

12  **(As to Defendants MERS, Freddie Mac, Fannie Mae, GMAC Mortgage, L.L.C., National**
**City Mortgage, J.P. Morgan Chase Bank, N.A., CitiMortgage, Inc., Countrywide Home**

13  **Loans, Inc., HSBC Mortgage Corporation, U.S.A., Wells Fargo Bank, N.A., GE Money**
**Bank, Bank of America, N.A., and AIG United Guaranty Corporation)**

14  

15       111.   Plaintiff incorporates by this reference and realleges the allegations contained in

16  paragraphs 1 through 110 above as if set forth fully herein.

17       112.   Upon information and belief, Defendants MERS; Freddie Mac; Fannie Mae;

18  GMAC Mortgage, L.L.C.; National City Mortgage; J.P. Morgan Chase Bank, N.A.;

19  CitiMortgage, Inc.; Countrywide Home Loans, Inc.; HSBC Mortgage Corporation, U.S.A.; Wells

20  Fargo Bank, N.A.; GE Money Bank, Bank of America, N.A.; and AIG United Guaranty

21  Corporation (hereinafter in this Seventh Claim for Relief collectively referred to for purposes of

22  this Seventh Claim as the "Defendant conspirators"), and each of them, did knowingly and

23  willfully conspire and agree among themselves to engage in a conspiracy to promote, encourage,

24  facilitate, and actively engage in  fraudulent and predatory lending practices perpetrated on

25  Plaintiff as alleged in the Sixth Claim for Relief herein by the actions of the Defendant

26  conspirators as part of the business policies and practices of each Defendant conspirators in

27  participating in the MERS system.

28  ///

**CLASS ACTION COMPLAINT**

1      113.  Upon information and belief, the Defendant conspirators are or have been

2 shareholders in MERS and/or members of the MERS system and, as to Defendant conspirators,

3 Freddie Mac; Fannie Mae; GMAC Mortgage, L.L.C.; National City Mortgage; and J.P. Morgan

4 Chase Bank, N.A., have, through their employees and agents, served as members of the Board of

5 Directors of MERS, and participated in the design and coordination of the MERS system

6 described in this complaint.

7      114.  Upon information and belief, the Defendant conspirators have conspired among

8 themselves and with other unknown parties to:

9      A.  Develop a system of earning profits from the origination and securitization

10 of residential loans without regard for the rights of Plaintiff, and others similarly situated, by

11 engaging in predatory and deceptive residential lending practices as alleged in this complaint

12 above; and

13      B.  In furtherance of the system referred to immediately above, the Defendant

14 conspirators intentionally created, managed, operated, and controlled the Defendant MERS for

15 the specific purpose of MERS being designated as a sham "beneficiary" in the original deeds of

16 trust securing those loans, including the loan made to Plaintiff and other similarly situated

17 individuals by Countrywide Home Loans, Inc. dba America's Wholesale Lender; and

18      C.  Defendant conspirators intentionally created, managed, operated, and

19 controlled the MERS system with the unlawful intent and for the unlawful purpose of making it

20 difficult or impossible for Plaintiff and other victims of such industry-wide predatory policies and

21 practices to identify and hold responsible the persons and entities responsible for the unlawful

22 actions of Defendant Countrywide Home Loans, Inc. dba America's Wholesale Lender, MERS,

23 and their co-conspirators.

24      115.  Upon information and belief, Defendant conspirators, through creation of the

25 MERS system alleged herein, adopted and implemented residential lending underwriting

26 guidelines for use in California and in other states which:

27 ///

28 ///

21

**CLASS ACTION COMPLAINT**

A.      Were intended to, and did, generate unprecedented profits for the Defendant conspirators and their co-conspirators at the expense of Plaintiff and other persons who were fraudulently induced by the Defendant conspirators and their co-conspirators into taking out residential loans that were known by the Defendant conspirators and their co-conspirators, at the time the loans were originated, were likely to result in default, and

B.      Were likely to result in foreclosure on those loans and loss by Plaintiff and other borrowers of their homes, with reckless disregard and intentional indifference by the Defendant conspirators and their co-conspirators of the likelihood of such foreclosure.

116.   Upon information and belief, the MERS system was created for the unlawful purpose of hiding and insulating the brokers and originators of predatory toxic loans from accountability and liability by creating an entity which simultaneously informed all lenders who originated loans that named MERS as the beneficiary of the following:

A.      MERS would never own or acquire any actual beneficial interest in any loan in which it was named as beneficiary under the deed of trust, and that

B.      MERS could be named as beneficiary for purposes of public notice and notice to the borrower and would act in that capacity if so designated by the lender who originated the loan.

117.   Upon information and belief, the intent and purpose of the Defendant conspirators and their co-conspirators in the creation, management, operation, and control of MERS was, without limitation, to make it impossible for the borrowers, their attorneys, the courts, the government, and anyone other than the Defendant conspirators who created and controlled MERS, to identify the actual beneficial owner of any particular loan or the property which was the collateral securing that loan until such time, if any, that foreclosure action was initiated.  As a result, Plaintiff, and other similarly situated individuals, were deprived of the right to attempt to modify the toxic loan, as the true identity of the actual beneficial owner was intentionally hidden from Plaintiff and other similarly situated individuals.

118.   Upon information and belief, the Defendant conspirators' actions in creating the MERS system, which was dependent on fraudulent and deceptive practices that included, but

22

1  were not limited to, making loans to consumers such as Plaintiff in violation of the Truth in

2  Lending Act, and the Home Ownership and Equity Protection Act, created a system to unlawfully

3  deprive Plaintiff of Plaintiff's interest in the Residence.

4       119.   Upon information and belief, Defendant conspirators utilized funds received as

5  part of the Troubled Asset Relief Program payouts to further the conspiracy to defraud Plaintiffs,

6  and others similarly situated, to deprive them of their money, to deprive them of their property, to

7  unlawfully foreclose on loans made to putative class members, to pay investors in the mortgage-

8  backed securities which were comprised of the loans made to Plaintiffs and others similarly

9  situated, and to pay bonuses to employees and officers of the Defendant conspirators based on

10  their devising the sub-prime mortgage-backed products which were securitized by loans of the

11  type issued to Plaintiffs and others similarly situated, and collateralizing and selling such

12  products in the United States and abroad.

13       120.   As a result of Defendant conspirators' conspiracy described herein, Plaintiff has

14  suffered injuries which include mental anguish, emotional distress, embarrassment, humiliation,

15  loss of reputation, and a decreased credit rating which has, or will, impair Plaintiff's ability to

16  obtain credit at a more favorable rate than before the decrease in credit rating, the loss or

17  anticipated loss of the Residence, and other financial losses according to proof, including

18  attorneys' fees and costs incurred in this matter.

19       121.   Defendant conspirators' actions were wanton, willful, and reckless thereby

20  justifying an award of punitive damages against Defendant conspirators, and each of them.

21  **EIGHTH CLAIM FOR RELIEF**
**(Unjust Enrichment)**
22  **(As to All Defendants)**

23       122.   Plaintiff incorporates by this reference and realleges the allegations contained in

24  paragraphs 1 through 121 above as if set forth fully herein.

25       123.   Defendant's deceptive scheme as alleged herein unjustly enriched Defendants, and

26  each of them, to the detriment of Plaintiff, and similarly situated class members, by causing

27  Defendants, and each of them, to receive excessive monetary payments from Plaintiff and the

28  class members.

124.    Specifically, Plaintiff and class members have been injured in their business or property in a variety of ways, including but not limited to:  All borrowers who were targeted for and lured into the mortgages sold by Defendant Countrywide Home Loans, Inc. were handicapped in understanding the terms of those loans due to, *inter alia,* the failure to translate the documents or disclosures into English. This constituted a misrepresentation that caused Plaintiff to pay more or less each month than he had been told would be due, or which was due as calculated per the terms of the First Note.  Moreover, upon information and belief, the variety of additional and separate payments charged for services and other items tangential to the loan were prohibitive.  The result is that Plaintiff, and each class member, assumed financial burdens that they would not otherwise have assumed, and paid Defendants more than they justly should have owed.

125.    The loans made to Plaintiff and to each class member were then repackaged, reassigned, and/or resold, each with a margin of profit for the assignee/buyer that would not otherwise have existed had Plaintiff and all other members of the class not been deceived by the original terms of the loan and/or the lack of disclosures as alleged herein.

126.    Plaintiff (and each class member) has paid or continues to pay an inflated interest rate that, upon information and belief, would not have been agreed to but for the failure to translate the documents and otherwise disclose the true terms and costs of the loans, tangential services, and out-of-pocket costs.

127.    Upon information and belief, Defendants, and each of them, retained and continue to retain these ongoing and escalating profits to the detriment of Plaintiff and each class member, contrary to the fundamental principals of fairness, justice, and good conscience.

128.    Accordingly, Defendants, and each of them, should be ordered to return all funds obtained as a result of their deceptive scheme to Plaintiff and class members.

### NINTH CLAIM FOR RELIEF
**(Intentional Infliction of Emotional Distress)**
**(As to Defendant Countrywide Home Loans, Inc. dba America's Wholesale Lender)**

129.    Plaintiff incorporates by this reference and realleges the allegations contained in paragraphs 1 through 128 above as if set forth fully herein.

24

117879_1.DOC

130.   Defendant's actions in targeting Plaintiff for a loan, misrepresenting the terms and conditions of the loan, negotiating the loan, and closing the loan as alleged herein were intentional and/or reckless, wanton, and willful.

131.   Defendant's actions as alleged herein were extreme and outrageous because of the Plaintiff's vulnerability to the predatory lending practices described above and because the subject of the loan was Plaintiff's primary residence, inherent with the characteristics of providing shelter for Plaintiff and a sense of pride and emotional security.

132.   As a result of Defendant's actions alleged herein, Plaintiff has suffered financial losses and the stress inherent with facing the loss of the Residence, embarrassment, and humiliation resulting from Plaintiff's being put in the position of defaulting on the loan, and all of these factors have culminated to invade Plaintiff's mental and emotional tranquility and to cause Plaintiff, and each class member, severe emotional distress that resulted in, *inter alia,* sleeplessness, and headaches.

133.   Because of the extreme and outrageous nature of Defendant's actions as alleged herein, and to deter such conduct in the future, Plaintiff is entitled to an award of punitive damages.

## TENTH CLAIM FOR RELIEF

### (Fraud in the Inducement)
### (Against Defendant Countrywide Home Loans, Inc. dba America's Wholesale Lender)

134.   Plaintiff incorporates by this reference and realleges the allegations contained in paragraphs 1 through 133 above as if set forth fully herein.

135.   Defendant Countrywide Home Loans, Inc. dba America's Wholesale Lender, through its agents, failed to disclose the material terms of the loans and incidental Services to Plaintiff, and others similarly situated, by, inter alia, failing to explain the fact that Plaintiff and others similarly situated were not qualified to enter the loans on the terms stated, and/or failing to translate the pertinent documents into Spanish or such other native language applicable to the class members.

///

25
CLASS ACTION COMPLAINT
117879_1.DOC

1    136.   Defendant concealed the true terms of the loan, and the risks of the transaction,

2  including, but not limited to, negative amortization, prepayment penalty provisions, the risk of

3  default and the risk of foreclosure from Plaintiff and similarly situated class members.

4    137.   Defendant misrepresented the ability of Plaintiff, and others similarly situated, to

5  qualify for the loans.

6    138.   Defendant knew or should have known that had the truth been disclosed, Plaintiff

7  and others similarly situated would not have entered into the loans.

8    139.   Defendant intended to induce Plaintiff and similarly situated class members'

9  reliance on these representations, failures to disclose and failures to translate the documents.

10    140.   Plaintiff and similarly situated class members reasonably relied upon the

11  misrepresentations to their detriment, particularly in light of their inability to read, understand,

12  and therefore discern, those misrepresentations that conflicted with the terms of the transaction.

13    141.   But for the failure to translate or otherwise disclose the true and material terms of

14  the transaction, Plaintiff and similarly situated class members could have read the agreements and

15  additional documents and would have been alerted to issues of concern.  Defendant's intentional

16  misrepresentations, and the failure to translate or otherwise disclose the material terms of the

17  transaction, induced Plaintiff and similarly situated class members to enter into the loans and

18  accept the Services as alleged herein.

19    142.   As a direct and proximate result of the failure to translate and/or disclose, and the

20  misrepresentations, Plaintiff and similarly situated class members were damaged in an amount to

21  be proven at trial, including but not limited to, increased interest rates, damage to their credit

22  ratings and financial security, emotional distress, headaches, sleeplessness, the inability to

23  refinance their homes as necessary, and Plaintiff has incurred costs and attorney's fees.

## ELEVENTH CLAIM FOR RELIEF - INJUNCTIVE RELIEF

26    143.   Plaintiff incorporates by this reference and realleges the allegations contained in

27  paragraphs 1 through 142 above as if set forth fully herein.

28  ///

**CLASS ACTION COMPLAINT**

117879_1.DOC

144.    On or about February 19, 2009, Plaintiff received notification from Defendant Countrywide Home Loans, Inc. dba America's Wholesale Lender that if Plaintiff did not bring the payments on the loans current, Defendant would institute foreclosure proceedings.

145.    Plaintiff has been unable to bring the payments current.

146.    Plaintiff Vargas is faced with a clear and present danger of the loss of the Residence due to the threatened foreclosure action related to Plaintiff's Residence.

147.    Plaintiff Vargas will suffer irreparable harm if Defendants are not enjoined from advancing any foreclosure action as to Plaintiff's Residence, as Plaintiff will lose Plaintiff's interest in, and possession of, the Residence, which is Plaintiff's primary dwelling and is unique, and Plaintiff will have no adequate remedy at law.

148.    Defendants Countrywide Home Loans, Inc. dba America's Wholesale Lender and MERS, listed as the beneficiary under the First and Second Deed of Trust, have no investment in the Residence, as the Notes on the Residence were transferred as alleged in paragraphs 101 and 104 and the Seventh Claim for Relief above, and, therefore, Defendants will not suffer irreparable harm if the foreclosure action is enjoined.

149.    Plaintiff is entitled to a temporary restraining order and a preliminary and permanent injunction prohibiting Defendants Countrywide Home Loans, Inc. dba America's Wholesale Lender and MERS, and their officers, agents, employees, servants, and attorneys, and those persons in active concert or participation with any of them or each of them, from advancing any foreclosure action as to Plaintiff's Residence.

150.    Plaintiff has been required to retain counsel in this matter to protect Plaintiff's rights and has incurred attorneys' fees and costs in this matter.

### TWELFTH CLAIM FOR RELIEF – DECLARATORY RELIEF

151.    Plaintiff incorporates by this reference and realleges the allegations contained in paragraphs 1 through 150 above as if set forth fully herein.

152.    As alleged in Plaintiff's claims regarding the Defendant's violations of the Truth In Lending Act, the Home Ownership and Equity Protection Act, the Fair Housing Act, the California Translation Act, and the California Business & Professions Code, Defendant

1  Countrywide Home Loans, Inc. dba America's Wholesale Lender has violated Plaintiff's rights
2  under federal and state law.

3       153.    Plaintiff seeks a declaratory judgment against Defendant stating that Defendant
4  violated Plaintiff's rights under the Truth in Lending Act, the Home Ownership and Equity
5  Protection Act, the Fair Housing Act, the California Translation Act, and the California Business
6  & Professions Code.

7       154.    Plaintiff has been required to retain counsel in this matter to protect Plaintiff's
8  rights and has incurred attorneys' fees and costs in this matter.

9                          **THIRTEENTH CLAIM FOR RELIEF**
   **(Class Action Claim for Violation of California Business and Professions Code § 17200)**
10 **(Against Defendant Countrywide Home Loans, Inc. dba America's Wholesale Lender)**

11      155.    Plaintiff incorporates by this reference and realleges the allegations contained in
12 paragraphs 1 through 154 above as if set forth fully herein.

13      156.    Plaintiff makes this representative claim on behalf of himself and the other class
14 members under the California Business & Professions Code § 17200 (also referred to as the
15 Unfair Competition Law or "UCL") in order to seek:

16      A.    Such orders or judgments to or against Defendant, and/or its agents, as may
17 be necessary to prevent or discourage the continued practice by lenders and/or brokers in their
18 capacity as agents for Countrywide of engaging in loans and related services without adherence
19 to the translation requirement of California Translation Act, a practice constituting unlawful and
20 unfair competition within the meaning of the UCL and for which Defendant and its agents are
21 responsible.

22      B.    Such orders or judgments to or against Defendant, and/or its agents, as
23 necessary to restore to each member of the plaintiff class any money or property, real or personal,
24 which may have been acquired by means of unfair competition.

25      157.    Upon information and belief, the practice of providing loan documents in English
26 only is widespread and has contributed to the sub-prime and other mortgage problems, including
27 foreclosures, suffered in California and elsewhere.

28 ///

**CLASS ACTION COMPLAINT**

158. Per California Business and Professions Code § 17203, Vargas and all other class members meet the standing requirements of California Business and Professions Code § 17204, in that each person has suffered injury in fact as a result of the unfair business practices alleged herein.

159. Per California Business and Professions Code § 17203, Vargas is complying with the requirements of California Code of Civil Procedure § 382.

160. Upon information and belief, failure by lenders to comply with the Translation Act is widespread. As an indirect result of the orders prayed for in this complaint, a general adherence by the lending institutions in California can be expected, all to the benefit of the general public, as well as to members of the Plaintiff class.

161. As generally authorized by California Business and Professions Code §§ 17203 and 17205, the Plaintiff Class is entitled to the following relief from Defendant:

A. A declaratory judgment that Defendant had a duty to under the Translation Act to provide all loan documents, including disclosures, in Spanish or such other language that could be reasonably understood by Plaintiff Class Members, and that Defendant failed to meet that duty, and that Countrywide is secondarily liable to the members of the Plaintiff Class for the failure of its agents to abide by the requirements of the Translation Act.

B. An affirmative injunction ordering Countrywide and/or its successor-in-interest to notify all persons who took out loans of the type described herein, in English, Spanish, Chinese, Tagalog, Vietnamese and Korean, that the failure to abide by the Translation Act requirements occurred and that, if the person so notified is a member of the Plaintiff Class, the person may be eligible to rescind the loan contract, whether or not the loan has been reassigned. Further, such injunction should mandate that Defendant is to include with such notification that any person who believes they are a class member may receive from Defendant (and/or its successor in interest) the appropriate translation promptly upon notice to Defendant;

C. Penalties pursuant to California Business and Professions Code § 17206;

D. Restitution; and

///

**CLASS ACTION COMPLAINT**

1    E.    Attorney's fees, as authorized by California Code of Civil Procedure §

2    1021.5, in an amount to be determined.

3                      **CLASS ACTION ALLEGATIONS AND**
                       **REQUEST FOR CLASS CERTIFICATION**
4

5    162.    Plaintiff incorporates by this reference and realleges the allegations contained in

6    paragraphs 1 through 161 above as if set forth fully herein.

7                                  **Class Definition**

8    163.    Plaintiff, pursuant to Fed. R. Civ. P. 23(a), (b)(2-3), brings this action on behalf of

9    a similarly situated class of individuals who reside in the state of California and in the United

10   States who secured residential real estate loans from Defendants, and/or whose loans were

11   insured, securitized, guaranteed or funded by Defendants, between January 2006 and present, and

12   who suffered financial and other injuries as alleged herein caused by any violations of the Truth

13   in Lending Act, the Home Ownership and Equity Protection Act, the Federal Fair Housing Act,

14   and/or the California Translation Act, and/or the California Business and Professions Code, or

15   from Defendants' conspiracy to commit fraud and conversion, Defendants' conspiracy to commit

16   fraud related to the MERS system, unjust enrichment, or Defendant's intentional infliction of

17   emotional distress or fraud in the inducement as alleged herein.  Excluded from the class are the

18   Defendants, including any parent, subsidiary, affiliate or controlled person of the Defendants and

19   their officers, directors, agents or employees, any judge or judicial officer assigned to this matter,

20   and members of the immediate families of any excluded persons.

21                                  **Numerosity**

22   164.    Upon information and belief, Plaintiff estimates that the class comprises not less

23   than 125 individual members and the class is so numerous that joinder of all members is

24   impracticable.    The members of the class can be identified and located using information

25   contained in the Defendants' mortgage lending records.

26                    **Common Questions of Law and/or Fact**

27   165.    There are common questions of law and/or fact common to the class, including

28   whether the Defendant Countrywide Home Loans, Inc. dba America's Wholesale Lender violated

117879_1.DOC                      **CLASS ACTION COMPLAINT**

1   the Truth in Lending Act, the Home Ownership and Equity Protection Act, the Federal Fair

2   Housing Act, the California Translation Act and the California Business and Professions Code, as

3   alleged herein, whether any such violations constituted a conspiracy to commit fraud or

4   conversion and/or whether Defendant's conduct constitutes intentional infliction of emotional

5   distress on the class members.   Also common to the class is the issue of whether the named

6   Defendants acted as conspirators in committing fraud in creating the MERS system as alleged in

7   the Seventh Claim for Relief.

8                                          **Typicality**

9          166.   Plaintiff's claims are typical of those of the members of the class.  Plaintiff and the

10  class members were subjected to the same kind of unlawful conduct and the claims of Plaintiff

11  and the class members are based on the same legal theories.

12                         **Fair and Adequate Representation of Class**

13         167.   Plaintiff will fairly and adequately protect the interests of the class Plaintiff

14  represents.  Plaintiff's interests do not conflict with the interests of the class, and Plaintiff intends

15  on prosecuting this action vigorously.

16         168.   Plaintiff has retained experienced counsel qualified in class litigation and counsel

17  are competent to assert the interests of the class.

18                                 **Rule 23(b) Requirements**

19         169.   The unlawful acts of Defendants, as alleged herein, constitute a course of conduct

20  common to Plaintiff and each class member.  Prosecution of separate actions by individual class

21  members would create a risk of inconsistent or varying adjudications which would establish

22  incompatible standards of conduct for Defendants and/or substantially impair or impeded the

23  ability of the individual class members to protect their interests.

24         170.   Injunctive and/or declaratory relief to the class is appropriate because, upon

25  information and belief, Defendants, and each of them, have acted or refused to act on grounds

26  generally applicable to the class.

27         171.   Questions of law and/or fact common to the class members, including the issues

28  identified above, predominate over questions affecting only individual class members, and a class

31

1   action is superior to other available methods for fair and efficient adjudication of the controversy.

2   Class action treatment will allow a large number of similarly situated individuals to

3   simultaneously pursue their common claims in a single forum in an efficient manner, without

4   unnecessary duplication of effort and expense that would be required if numerous individual

5   actions were pursued.

6   WHEREFORE, Plaintiff prays this court enter an order providing relief as follows:

7   1.    For award of damages against Defendants and each of them on Plaintiff's

8         claims as applicable under federal law as alleged above in an amount to be

9         shown at trial;

10  2.    For an award of damages against Defendants, and each of them, on the

11        Plaintiff's state law claims, whether general, special or punitive as alleged

12        above, in an amount to be shown at trial;

13  3.    For an award of treble damages pursuant to California Business &

14        Professions Code § 17082;

15  4.    For an award of attorneys' fees and costs as provided by law;

16  5.    For an order of rescission on behalf of named Plaintiff under the California

17        Translation Act;

18  6.    For an order of restitution on behalf of Plaintiff and class members under

19        the California Business & Professions Code;

20  7.    For an award of penalties on behalf of the class members under the

21        California Business & Professions Code;

22  8.    For a temporary restraining order and preliminary and permanent

23        injunction prohibiting Defendants Countrywide Home Loans, Inc. and

24        MERS, and their officers, agents, employees, servants, and attorneys, and

25        those persons in active concert or participation with any of them or each of

26        them, as specifically alleged above from proceeding with any foreclosure

27        action as to Plaintiff's residence or proceeding with any collection action

28  ///

**CLASS ACTION COMPLAINT**

1    against the Plaintiff, and from proceeding with foreclosure actions against

2    the residences of similarly situated class members;

3    9.    For a declaratory judgment holding that Plaintiff's rights were violated as

4    alleged above;

5    10.   That Plaintiff have and recover from the Defendants pre-judgment interest

6    as may be determined by statute and rule;

7    11.   That this action be certified as a Plaintiffs' class action: and

8    12.   Pursuant to Federal Rules of Civil Procedure, Rule 38, Plaintiff demands a

9    trial by jury on all issues of fact in this action; and

10   13.   That this Court grant such other and further relief as it deems just and

11   proper.

12

13   DATED: April 1, 2009                    Koeller, Nebeker, Carlson & Haluck, LLP

14

15

16                                           Sharon A. Huerta, Esq.
                                             Kira A. Schlesinger, Esq.
17                                           *Attorneys for Plaintiff*

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

1

## **DEMAND FOR JURY TRIAL**

2
        Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury to the fullest

3
extent permitted by law.

4

5
DATED: April 1, 2009                                    Koeller, Nebeker, Carlson & Haluck, LLP

6

7
                                                       Sharon A. Huerta, Esq.

8
                                                       Kira A. Schlesinger, Esq.
                                                       *Attorneys for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

**VERIFICATION**

STATE OF CALIFORNIA      )
                                 )ss.
COUNTY OF ORANGE        )

      Alfonso Vargas, being first duly sworn upon oath, deposes and says:  That I have had the foregoing Complaint read to me in Spanish, that I know the contents thereof, and that the same are true or believed to be true upon information and belief.

*Alfonso Vargas*

SUBSCRIBED AND SWORN to (or affirmed) before me this 31st day of March, 2009, by *Alfonso Vargas*.

Proved to me on the basis of satisfactory evidence to the person who appeared before me.

*Lydia Goldstein*
Lydia Goldstein
Notary Public

My commission expires:

*November 25, 2012*

LYDIA GOLDSTEIN
Commission # 1824793
Notary Public - California
Orange County
My Comm. Expires Nov 25, 2012

Vargas v. Countrywide
-Verification.DOC

**INTERPRETER'S DECLARATION**

The undersigned hereby declares, under penalty of perjury, as follows:

1.     I have read the foregoing Complaint and Verification and translated it from English to Spanish in its entirety to the party signing the foregoing Verification.

2.     The party signing the Verification has confirmed to me in Spanish that he understands and agrees to the terms of the foregoing document.

DATE: 3/31/09                    SIGNATURE _Lydia Goldstein_

(Print Name) _Lydia Goldstein_

Business address: _3 Park Plaza, Ste. 1500_

_Irvine, CA 92614_

Business telephone: _(949) 864-3400_

Vargas v. Countrywide
-Verification.DOC