**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

IN RE Mortgage Electronic Registration ) MDL DOCKET NO. 09-2119-JAT
Systems (MERS) Litigation )
) **ORDER**
)

In the transfer order establishing this consolidated multidistrict litigation ("MDL"), the Judicial Panel on Multidistrict Litigation ("Panel") stated, "IT IS FURTHER ORDERED that claims unrelated to the formation and/or operation of the MERS system are simultaneously remanded to their respective transferor courts." (Doc. #1.) The parties contest which claims in each of the various cases relate to the formation and/or operation of MERS.[1] This Order addresses the following cases (transferred by Doc. #1, Schedule A):

| First Plaintiff's Name | Arizona Case Number | Original Jurisdiction Case Number |
|---|---|---|
| *Robinson* | CV 09-227-TUC-JAT | 4:09-227 (Arizona) |
| *Vargas* | CV 09-2616-PHX-JAT | 2:09-2309 (C. D. California) |
| *Lopez* | CV 10-0078-PHX-JAT | 3:09-180 (Nevada) |
| *Goodwin* | CV 10-0079-PHX-JAT | 3:09-306 (Nevada) |
| *Green* | CV 10-0080-PHX-JAT | 3:09-374 (Nevada) |
| *Dalton* | CV 10-0081-PHX-JAT | 3:09-534 (Nevada) |

---

[1] The parties have fully briefed this issue pursuant to the Court's Order on Practices and Procedures. (Doc. #25.)

## I. General Interpretation of the Transfer Order

In the transfer order, the Panel transferred to this Court all allegations within these actions that "the various participants in MERS formed a conspiracy to commit fraud and/or that security instruments are unenforceable or foreclosures are inappropriate due to MERS's presence as a party" or that otherwise concern "the formation and operation" of MERS. (Doc. #1.) However, the Panel simultaneously remanded unrelated claims to their transferor courts, finding that "plaintiffs' claims relating to loan origination and collection practices do not share sufficient questions of fact with claims regarding the formation and operation" of MERS and their inclusion "would needlessly entangle the litigation in unrelated, fact-intensive issues." *Id.*

Accordingly, this Court will remand claims that, although naming MERS as a defendant, allege conduct primarily related to loan origination and collection practices, or otherwise stray from the common factual core of the MDL. This is a narrower reading than the construction urged by Moving Defendants[2] in their Motion to Remand Claims (Doc. #54) and their subsequent Reply (Doc. #134), but a broader one than was urged by Plaintiffs in their Response (Doc. #101). Any cause of action that in essence turns on the formation or operation of MERS, no matter how framed, will remain with the undersigned.

## II. Claims on Which the Parties Do Not Agree

Within these six class actions transferred to the MDL there are eight types of claims over which the parties disagree. This Order will discuss the appropriateness of remand for each claim, treating each type of claim in turn. On the claims for which the appropriate

---

[2] Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc. (collectively, "MERS"), United Guaranty Corporation, CitiMortgage, Inc., CR Title Services, Inc., Federal Home Loan Mortgage Corporation, GMAC Mortgage, LLC, Executive Trustee Services, Inc., Homecomings Financial, LLC, National City Bank, National City Mortgage, National City Corporation, PNC Financial Services Group, Inc., JPMorgan Chase Bank, N.A., EMC Mortgage Corporation, California Reconveyance Company, and The Bank of New York Mellon f/k/a The Bank of New York as Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Certificate Holders of Structured Asset Mortgage Investments II, Inc. Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates Series 2005-10.

disposition is undisputed, the Court adopts the parties' determinations and will not discuss those claims in detail.[3]

### A. Slander of Title

Plaintiffs assert claims for slander of title in *Goodwin* (Fourth Claim) and *Lopez* (Fourth Claim). In both cases, Plaintiffs allege that certain defendants slandered the title of plaintiffs' property by recording Trustee's Deeds Upon Sale. Plaintiffs allege that the trustee's sales were "wrongful and invalid" because they were not "conducted in accordance with N.R.S. 107.080 and pursuant to Nevada common law."[4] While Plaintiffs do not make the manner of the alleged violation entirely clear, it appears to the Court that Plaintiffs are alleging that foreclosure was initiated by an improper party. As the defendants would be proper parties unless the operation of MERS created deficiencies in the quality of their title, these claims for slander of title must be related to the operation of MERS. Therefore, these claims have been transferred to the MDL.

### B. Wrongful Filing of Unlawful Detainer

This claim in *Goodwin* (Fifth Claim) alleges that Defendant Saxon Mortgage wrongfully filed an action for unlawful detainer against Plaintiff Gabel. Plaintiff alleges that Saxon Mortgage failed to comply with several of the statutory requirements to conduct a trustee's sale, yet sill served Plaintiff with a notice to quit the premises and filed an unlawful detainer action against Plaintiff. (Doc. #45-1, ¶¶ 195-200.) On its face, this claim is unrelated to the formation or operation of MERS.

Saxon Mortgage argues that some of Plaintiff Gabel's allegations may be inartfully pled and actually implicate issues related to the operation of MERS.[5] For example, as to Plaintiffs allegation that "No notice of default and election to sell the property located at 1447 Kinglet Drive was mailed to Plaintiff Heather Gabel via registered or certified mail"

---

[3] These claims are listed in Schedule B, below.

[4] *See* Doc. #45-1, ¶¶ 173, 178, 183, and 188; Doc. #59-1, ¶¶ 157, 161, and 166.

[5] *See* Doc. #95 at 2.

- 3 -

1 (Doc. #45-1, ¶ 196), Saxon Mortgage speculates that Plaintiffs' theory is actually that Plaintiff Gabel received a purported notice, but that it was sent by an allegedly improper party (due to some deficiency created by the operation of MERS).

After weighing this concern, this Court still finds this claim remanded to the transferor court. If, on remand, Plaintiffs support this claim with arguments related to the operation of MERS, Defendant may move <u>before the transferor court</u> to transfer this claim to the MDL. If the transferor court grants a motion to transfer this claim to the MDL, within two business days of receiving that Order, MERS must file a copy of that Order in both the MDL case, and the associated member case in Arizona.

**C. Wrongful Foreclosure.**

Plaintiffs assert claims for wrongful foreclosure in *Goodwin* (Third Claim), *Lopez* (Third Claim), *Green* (First Claim), and *Dalton* (First Claim). In each case, Plaintiffs allege that the foreclosures were commenced pursuant to a deed of trust on which MERS was named the beneficiary as nominee for the lender.[6] Additionally, Plaintiffs allege that such foreclosures were commenced by a trustee acting as an agent for MERS, the beneficiary as nominee for the lender, or for a successor beneficiary to whom MERS assigned its interests as the beneficiary on a deed of trust, as nominee for the lender.[7] The alleged wrongfulness of the foreclosures in all four cases stems from the proposition that MERS is not a "true" or "proper" beneficiary.[8] Plaintiffs argue that if MERS is not a true beneficiary, then a trustee acting as an agent for MERS (or for an assignee of MERS's interests as a deed of trust

---

[6] *See* Doc. #45-1, ¶ 161 ("[E]ach deed of trust at issue named MERS as the beneficiary on the deed of trust"); Doc. #59-1, ¶ 142 (same); CV 10-0081-PXH-JAT, Doc. #1, ¶ 128 ("Each and every Plaintiff has a deed of trust that states that the beneficiary and/or beneficiary as the nominee of the lender is MERS . . . ."); Doc. #35, ¶ 106 (same).

[7] *See* Doc. #45-1, ¶ 121; Doc. #59-1, ¶ 92; CV 10-0081-PXH-JAT, Doc. #1, ¶ 134; Doc. #35, ¶ 109(a).

[8] *See*, *e.g.*, Doc. #45-1, ¶ 159(i) ("MERS is not a true beneficiary"); Doc. #59-1, ¶ 140(i) (same); Doc. #35, ¶ 92 ("[MERS] is not a beneficiary"); CV 10-0081-PXH-JAT, Doc. #1, ¶ 135 ("MERS was not a proper beneficiary").

- 4 -

beneficiary) is not a "proper party" to initiate foreclosure proceedings, resulting in wrongful foreclosure liability for both MERS and its agents.[9]

These wrongful foreclosure claims clearly relate to the formation and operation of MERS. Further, nothing within these claims is based on allegations specific to the origination of particular loans or likely to involve this Court in fact-intensive inquiries unrelated to the formation and operation of MERS. Therefore, each of the claims for wrongful foreclosure was transferred.

**D. Unjust Enrichment**

Plaintiffs assert claims for unjust enrichment in *Dalton* (Second Claim), *Green* (Second Claim), *Vargas* (Eighth Claim), *Goodwin* (Second Claim) and *Lopez* (Second Claim).

In *Vargas* (Eighth Claim), the alleged basis of unjust enrichment relates exclusively to loan origination issues. Plaintiffs allege that they were unable to understand the terms of the loan due to "the failure to translate the documents or disclosures into English" and other failures of disclosure. (CV 09-2616-JAT-PHX, Doc. #1, ¶¶ 124-126.) These allegations are unrelated to the formation and operation of MERS. Thus, this claim is remanded to the transferor court.

In *Dalton* and *Green* and there are two distinguishable bases for a claim of unjust enrichment. There are issues concerning the origination of the loans,[10] but there are also

---

[9] *See, e.g.*, Doc. #45-1, ¶ 159 ("[T]he parties issuing the notice of default and/or issuing a notice of trustee's sale on the property were not the proper parties to do so . . . . Any appointment by MERS of a successor trustee or any assignment to a successor beneficiary was invalid, as MERS is not a true beneficiary under the deed of trust"); Doc. #59-1, ¶ 140 (same); Doc. #35, ¶ 116 ("No true and no beneficiary [sic] under the deed of trust ever directed a sale of any of the properties owned by Plaintiffs in which MERS is named as beneficiary or nominee of the beneficiary/lender"); CV 10-0081-PXH-JAT, Doc. #1, ¶ 145 (same).

[10] Doc. #35, ¶ 125 ("All borrowers who were targeted for and lured into the mortgages sold by Defendants were handicapped in understanding the terms of those loans. This constituted a misrepresentation that caused Plaintiffs to make their monthly payments from

- 5 -

claims for unjust enrichment based on theories relating to the operation of MERS.[11] Because either set of alleged facts would be logically sufficient to support a claim of unjust enrichment, this Court will bifurcate the unjust enrichment claims in *Dalton* and *Green*. In both cases, a claim for unjust enrichment on theories related to MERS will remain with the undersigned as part of the MDL and a claim for unjust enrichment based on loan origination issues is remanded to the transferor court.

In *Goodwin* (Second Claim) and *Lopez* (Fifth Claim), the allegations forming the basis of the unjust enrichment claims for most plaintiffs are based on issues related to the formation and operation of MERS. However, several plaintiffs' claims for unjust enrichment are premised only on fraud and misrepresentation at the time of the loan's origination. Thus, the unjust enrichment claims of *Lopez* Plaintiffs Evenson and Plaintiff Graves (Doc. #59-1, ¶ 132 (b-c)) and *Goodwin* Plaintiffs Barba and Wilburn and Plaintiffs Diaz (Doc. #45-1, ¶ 151 (e, g)) are remanded to the transferor court. The undersigned will retain the unjust enrichment claims of the other plaintiffs in *Goodwin* and *Lopez* as part of the MDL.

**E. Conspiracy to Commit Fraud and Conversion**

Plaintiffs assert a claim for conspiracy to commit fraud and conversion in *Robinson* (Seventh Claim) and *Vargas* (Sixth Claim). Moving Defendants argue that these claims were transferred to this Court as the Panel explicitly countenanced that "allegations that the various participants in MERS formed a conspiracy to commit fraud" (Doc. #1 at 2) should

---

the cash that represented the equity in their home to the Defendants. Moreover, upon information and belief, the variety of additional and separate payments charged for services and other items tangential to the loan were prohibitive. The result is that Plaintiffs, and each class member, assumed financial burdens that they would not otherwise have assumed. . ."); CV 10-0081-PXH-JAT, Doc. #1, ¶ 154 (same).

[11] *See*, *e.g.*, Doc. #35, ¶ 126 ("Plaintiffs would not have continued to make payments on the loans if the Defendants had properly disclosed the discharge of the obligations on the notes to the investors."); CV 10-0081-PXH-JAT, Doc. #1, ¶ 155 (same).

be centralized in the MDL. However, Plaintiffs and other defendants[12] ("Responding Defendants") argue that these claims have been remanded because the causes of action allege loan origination issues, specifically "violation of the Truth In Lending Act, the Real Estate Settlement Procedures Act, the Home Ownership and Equity Protection Act, the Fair Housing Act" and various state statutes.[13]

As these claims allege a conspiracy to commit actions which give rise to the claims which all parties agree have been remanded, retaining these conspiracy claims would involve the Court in fact-intensive inquiries which the Panel has precluded from the MDL. Therefore, the claims for conspiracy to commit fraud and conversion in *Robinson* and *Vargas* are remanded to their respective transferor courts.

**F. Intentional Infliction of Emotional Distress**

Plaintiffs assert a claim for intentional infliction of emotional distress in *Robinson* (Ninth Claim). Plaintiffs and Responding Defendants contend that this claim has been remanded as the entire theory for this claim rests on alleged actions relating to improper origination of loans. Moving Defendants contend that this claim has been transferred, although they do not contest that a similarly worded claim in *Vargas* (Ninth Claim) has been remanded. The difference between the two cases is that MERS is a named defendant in *Robinson*. As MERS was not engaged in the origination of loans, Moving Defendants

---

[12] Bank of America, N.A., Countrywide Home Loans, Inc., Merrill Lynch & Co., First Franklin Financial Corporation, LaSalle Bank, N.A., ReconTrust Company, N.A., Wells Fargo Bank, N.A., First Horizon Home Loan Corporation, Bank of New York, as successor to J.P. Morgan Chase Bank, N.A., as Trustee for BSALTA-2005-1, Bank of New York Mellon d/b/a Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-45 Pass Through Certificates Series 2005-45, Bank of America d/b/a LaSalle Bank as Trustee for Washington Mutual Mortgage Pass Through Certificates WMALT Series 2006-AR5 Trust, America's Servicing Company, and America's Wholesale Lender, *See* Certain Defendants' Response to First Motion to Remand, Doc. #104.

[13] *See* CV 09-227-TUC-JAT, Doc. #91, ¶¶ 171-177; CV 09-2616-PHX-JAT, Doc. #5, ¶¶ 139-145.

1  theorize that this claim must include some other aspect related to the formation or operation
2  of MERS. (Doc. #134 at 11.)

3  This Court will not make that inference about Plaintiff's pleadings. On its face, this
4  claim rests on issues related to the origination of loans which have been remanded. It may
5  be that the Plaintiffs erred in naming MERS or it may be that they failed to allege facts
6  related to the formation and operation of MERS that give rise to MERS's liability for this
7  tort. In either case, remand is appropriate at this point.

**G. Injunctive Relief**

First, injunctive relief is not a cause of action but a remedy. However, it has been separately listed as a claim in *Dalton* (Fifth Claim), *Green* (Fifth Claim), *Goodwin* (Eighth Claim), *Lopez* (Eighth Claim), *Vargas* (Eleventh Claim) and *Robinson* (Tenth Claim). There is no reason to foreclose the remedy of injunctive relief either in the proceedings before this Court or in the proceedings before the transferor courts. Therefore, each of these claims for relief will be retained in part (i.e., to the extent they are based on claims related to the formation and operation of MERS), and remanded in part.

The Tenth Claim in *Robinson* presents a special case as it includes specific allegations regarding the recordation of Plaintiffs Robinson's property that are not listed elsewhere in the complaint.[14] This portion of the claim for injunctive relief is remanded.

---

[14] *See* Doc. #59-1, ¶ 227 ("Defendant First American Title Company failed to properly record its interest with the County Recorder for Pima County prior to noticing two trustee's sales of the Robinson Residence. . . A.R.S. § 33-804 mandates that a Notice of Substitution of Trustee be recorded. . . 'at the time of the substitution.' . . . The Notice of Substitution of Trustee appointing First American Title Company was not filed in the Pima County Recorder's office until January 28, 2009, almost a month after the pending Notice of Trustee's Sale was filed on December 31, 2008. Therefore, it logically follows that First American Title recorded the impending Notice of Trustee's prematurely, and therefore the Notice of Trustee Sale is ultimately invalid.")

- 8 -

**H. Declaratory Relief**

The Declaratory Judgment Act "does not provide an independent cause of action." *S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exch., Inc.*, 24 F.3d 427, 431 (2d Cir. 1994). Because of that fact, the appropriateness of remand depends on the underlying causes of action for which declaratory relief is sought.

In *Robinson* (Eleventh Claim), Plaintiffs seek declaratory judgment based on its First Second, Third, Fourth, Fifth, Sixth, and Seventh Claims, all of which were remanded, and its Eight Claim, which was retained. In the four other cases—*Green* (Sixth Claim), *Dalton* (Sixth Claim), *Lopez* (Ninth Claim), and *Goodwin* (Ninth Claim)—where Plaintiffs seek declaratory judgment, Plaintiffs' theories supporting relief are not clearly set forth. But as each of those cases contain some substantive claims that are remanded and others that are retained, these claims for declaratory relief should be bifurcated. Therefore, each of these claims for relief will be retained in part (i.e., to the extent they are based on claims related to the formation and operation of MERS), and remanded in part.

**I. Conclusion**

In light of the complexity of this Order, it may be helpful to set forth the disposition of each claim in tabular form.

**Schedule A - Claims On Which The Parties Disagree**

| Type of Claim | Case (Claim) | Disposition |
|---|---|---|
| Slander of Title | *Goodwin* (Fourth) | Retained |
|  | *Lopez* (Fourth) | Retained |
| Wrongful Filing of Unlawful Detainer | *Goodwin* (Fifth) | Remanded |
| Wrongful Foreclosure | *Dalton* (First) | Retained |
|  | *Lopez* (Third) | Retained |
|  | *Goodwin* (Third) | Retained |
|  | *Green* (First) | Retained |

| Type of Claim | Case (Claim) | Disposition |
|---|---|---|
| Unjust Enrichment | *Dalton* (Second) | Remanded in part |
| | *Goodwin* (Second) | Retained |
| | *Green* (Second) | Remanded in part |
| | *Lopez* (Second) | Remanded in part |
| | *Vargas* (Eighth) | Remanded |
| Conspiracy to Commit Fraud and Conversion | *Robinson* (Seventh) | Remanded |
| | *Vargas* (Sixth) | Remanded |
| Intentional Infliction of Emotional Distress | *Robinson* (Ninth) | Remanded |
| Injunctive Relief | *Dalton* (Fifth) | Remanded in part |
| | *Green* (Fifth) | Remanded in part |
| | *Goodwin* (Eighth) | Remanded in part |
| | *Lopez* (Eighth) | Remanded in part |
| | *Robinson* (Tenth) | Remanded in part |
| | *Vargas* (Eleventh) | Remanded in part |
| Declaratory Relief | *Dalton* (Sixth) | Remanded in part |
| | *Green* (Sixth) | Remanded in part |
| | *Goodwin* (Ninth) | Remanded in part |
| | *Lopez* (Ninth) | Remanded in part |
| | *Robinson* (Eleventh) | Remanded in part |

## Schedule B - Claims On Which All Parties Agree

| Type of Claim | Case (Claim) | Disposition |
|---|---|---|
| Violation of Truth in Lending Act | *Robinson* (First) | Remanded |
| | *Vargas* (First) | Remanded |
| Violation of Real Estate Settlement Act | *Robinson* (Second) | Remanded |
| Violation of Home Ownership and Equity Protection Act | *Robinson* (Third) | Remanded |
| | *Vargas* (Second) | Remanded |

| Violation of Fair Housing Act | *Robinson* (Fourth) | Remanded |
| --- | --- | --- |
| | *Vargas* (Third) | Remanded |
| Violation of Fair Debt Collection Practices Act | *Robinson* (Fifth) | Remanded |
| Violation of Arizona Consumer Fraud Act | *Robinson* (Sixth) | Remanded |
| Fraud in the Inducement | *Goodwin* (First) | Remanded |
| | *Lopez* (First) | Remanded |
| | *Vargas* (Tenth) | Remanded |
| Violation of California Translation Act | *Vargas* (Fourth) | Remanded |
| Violation of California Business and Professions Code | *Vargas* (Fifth) | Remanded |
| Intentional Infliction of Emotional Distress | *Vargas* (Ninth) | Remanded |
| Declaratory Relief | *Vargas* (Twelfth) | Remanded |
| Class Action Claim for Violation of California Business and Professions Code | *Vargas* (Thirteenth) | Remanded |
| Conspiracy to Commit Fraud Related to MERS System | *Goodwin* (Sixth) | Retained |
| | *Lopez* (Fifth) | Retained |
| | *Robinson* (Eighth) | Retained |
| | *Vargas* (Seventh) | Retained |
| Conspiracy to Commit Fraud by Creation, Operation and Use of the MERS System | *Dalton* (Fourth) | Retained |
| | *Green* (Fourth) | Retained |
| Conspiracy to Commit Wrongful Foreclosure Related to the MERS System | *Goodwin* (Seventh) | Retained |
| | *Lopez* (Sixth) | Retained |
| Conspiracy to Commit Wrongful Foreclosure by Creation, Operation and Use of the MERS System | *Dalton* (Third) | Retained |
| | *Green* (Third) | Retained |

Accordingly,

**IT IS ORDERED** that with respect to *Robinson* (CV 09-227-TUC-JAT), claim 8 and part of claims 10 and 11 remain with the undersigned as part of the MDL and claims 1-7, 9

and part of claims 10 and 11 are remanded to the transferor court. Of particular note, all claims against Defendant First American Title Company are remanded. To accomplish this remand, the Clerk of the Court is directed to bifurcate *Robinson* into two cases; the Clerk of the Court shall draw and assign a new Phoenix case number to the portion of the *Robinson* case that is remaining with the undersigned and the Clerk of the Court shall consolidate that case number into the MDL as a member case. The Clerk of the Court shall transfer the original *Robinson* case number back to the transferor court (Chief Judge Roll).

**IT IS FURTHER ORDERED** that with respect to *Vargas* (CV 09-2616-PHX-JAT) claim 7 and part of claim 11 remain with the undersigned as part of the MDL and claims 1-6, 8-10, 12, 13 and part of claim 11 are remanded to the transferor court. MERS shall file a copy of this Order with the transferor court within the next two business days.

**IT IS FURTHER ORDERED** that with respect to *Lopez* (CV 10-0078-PHX-JAT) claims 3, 4, 5 and 6 and part of claims 2, 8 and 9 remain with the undersigned as part of the MDL and claim 1 and part of claims 2, 8 and 9 are remanded to the transferor court.[15] MERS shall file a copy of this Order with the transferor court within the next two business days.

**IT IS FURTHER ORDERED** that with respect to *Goodwin* (CV 10-0079-PHX-JAT) claims 3, 4, 6 and 7 and part of claims 2, 8 and 9 remain with the undersigned as part of the MDL and claims 1 and 5 and part of claims 2, 8 and 9 are remanded to the transferor court. MERS shall file a copy of this Order with the transferor court within the next two business days.

**IT IS FURTHER ORDERED** that with respect to *Green* (CV 10-0080-PHX-JAT) claims 1, 3 and 4 and part of claims 2, 5 and 6 remain with the undersigned as part of the MDL and part of claims 2, 5 and 6 are remanded to the transferor court. MERS shall file a copy of this Order with the transferor court within the next two business days.

---

[15] In *Lopez*, the Second Amended Class Action Complaint (Doc. #59-1) lacks a Seventh Claim.

**IT IS FURTHER ORDERED** that with respect to *Dalton* (CV 10-0081-PHX-JAT) claims 1, 3 and 4 and part of claims 2, 5 and 6 remain with the undersigned as part of the MDL and part of claims 2, 5 and 6 are remanded to the transferor court. MERS shall file a copy of this Order with the transferor court within the next two business days.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file a copy of this Order in each member case listed on page 1.

**IT IS FURTHER ORDERED** that with respect to any claims that are staying with this Court, Defendants shall answer or otherwise respond to those claims within the time limits set in the Practice and Procedure Order (Doc. #25); with respect to any claims that are remanded to the transferor courts, Defendants shall answer or otherwise respond to those claims within fifteen days of this Order, unless any order of the transferor court is inconsistent with this Order, in which case, the order of the transferor court shall control.

**IT IS FURTHER ORDERED** that if any Plaintiff in any case addressed in this Order seeks leave to amend the complaint in the future, Plaintiff shall move to amend only those claims before this Court that Plaintiff concedes relate to the formation or operation of MERS. With respect to any claims that the moving Plaintiff seeks to amend that said Plaintiff does not concede relate to the operation or formation of MERS, such motion to amend must be filed before the transferor court. If leave to amend is granted, and if any Defendant argues that a claim of the amended complaint relates to the operation or formation of MERS, said Defendant must move <u>before the transferor court</u> to transfer those claims to the MDL. If the transferor court grants a motion to transfer some (or all) claims to the MDL, within two business days of receiving that Order, MERS must file a copy of that Order in both the MDL case, and the associated member case in Arizona.

**IT IS FURTHER ORDERED** within 5 days of this Order, MERS shall file all documents related to a case bifurcated and remanded herein into the record of the transferor court in that particular case. (Because this Court will not transfer the entire MDL file and

docket to any individual transferor court, this will insure the Judge in the transferor court has a complete record for that specific case).

DATED this 22nd day of March, 2010.

_____
James A. Teilborg
United States District Judge